UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND DRAPER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CALIFORNIA DEPARTMENT OF ) <br> CORRECTIONS, ) <br> ) <br> ) <br> Respondent. ) | 1:08-cv-00320-LJO-TAG HC <br><br> ORDER REQUIRING PETITIONER TO FILE AMENDED PETITION WITHIN THIRTY (30) DAYS <br><br> ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER FORM FOR FILING PETITION PURSUANT TO 28 U.S.C. § 2254 |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 22, 2008, Petitioner filed the instant petition in the Sacramento Division of this Court, challenging a conviction arising out of Fresno County. (Doc. 1). On March 6, 2008, the case was transferred to the Fresno Division. (Doc. 4). The Court has conducted a preliminary review of the Petition.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases. A preliminary review of the Petition reveals that Petitioner may not have exhausted his state court remedies.

1

A. <u>Exhaustion</u>.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366. Recently, the Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of*

2

*federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner asserts in this petition the following grounds for relief: (1) the trial court denied Petitioner's right to counsel; (2) ineffective assistance of counsel in making a verbal motion to strike prior convictions, rather than submitting a written motion; and (3) ineffective assistance of counsel based on lack of attorney-client communication. (Doc. 1, pp. 5-6).

In the form petition, Petitioner asserts that he was convicted on April 25, 2006 in the Fresno County Superior Court and that his conviction was affirmed on appeal by the California Court of Appeal, Fifth Appellate District, on or about November 9, 2006. (Doc. 1, pp. 2-3). The latter date is followed by a question mark. Petitioner has left blank the space provided for a petitioner to indicate when he presented his claims to the California Supreme Court, what claims he presented, and when those claims were ruled upon.

From the foregoing lack of information, the Court is unable to conduct its preliminary screening of the petition because the Court has insufficient evidence to determine when or if Petitioner has presented all three of his claims to the California Supreme Court. If Petitioner has not presented his claim to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). If Petitioner has presented his federal claim to the California Supreme Court and simply neglected to inform this Court, Petitioner **must** inform the Court of when and where he presented the claim to the California Supreme Court and, if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court. From the instant petition, this Court cannot determine whether Petitioner's claim has ever been presented to the California Supreme Court; thus, the Court is unable to proceed to the merits of the petition.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on February 22, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  If, indeed, Petitioner failed to present his claims to the California Supreme Court, then his direct appeal became final thirty days after the Fifth Appellate District denied his appeal.  Rule 24(a), 28(b), Cal.R.Ct.  Thus, if Petitioner's recollection is accurate, his direct appeal would have become final on or about November 19, 2006, the one-year statute of limitations would have commenced the following day, on November 20, 2006, and would have expired on November

19, 2007. Since the instant petition was not filed until February 22, 2008, it would be approximately three months late and must be dismissed.

However, it is possible that Petitioner has additional information he can provide regarding the date on which his direct appeal became final. If so, he must provide that information in the amended petition or risk having the petition dismissed as untimely.

C. <u>Naming the Proper Respondent</u>.

A petitioner seeking habeas corpus relief must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992). However, the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz-Sandoval</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360.

In this case, Petitioner asserts that he is incarcerated at the California State Prison, Solano, which is located in Vacaville, California. The warden in charge of that facility is D. K. Sisto. The California Department of Corrections is not the <u>warden</u> or individual in charge of the institution where Petitioner is confined, and thus is not the person having day-to-day control over Petitioner.

Petitioner therefore must file an amended petition, naming as Respondent the individual responsible for day-to-day control over Petitioner. <u>See</u>, <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same). Petitioner's failure to name his custodian as a respondent deprives this Court of personal jurisdiction to consider his petition. <u>Stanley</u>, 21 F.3d at 360; <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989).

D. <u>Filling Out the Form Completely</u>.

A petition presented in *pro se* must be upon the form approved by the court. Rule 2 of the Rules Governing Section 2254 Cases; Local Rule 81-190. This rule ensures that all information

needed is before the court. Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief. If a petition contains no grounds entitling the petitioner to habeas corpus relief, the court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases.

Filing an incomplete form petition is inadequate, and requires the Court to expend considerable time and resources attempting to determine which claims petitioner seeks to raise before this Court. It is unreasonable to expect the Court to take on such a task when the responsibility to inform the Court lies solely with Petitioner.[1] The proper use of the form petition results in administrative convenience of benefit to both Petitioner and the Court.

Here, Petitioner has filed a form petition that is incomplete. The form petition, as filed, contains only pages 2-6. Page 7 was not filed with the original petition. This page is necessary for this Court to consider Petitioner's claims as it contains further information and is where Petitioner must provide his signature under penalty of perjury. As the petition presently stands, it is not signed under penalty of perjury. Without this signature under penalty of perjury, the petition is not properly filed and the Court cannot proceed to the merits of the petition. Thus, Petitioner must resubmit the form petition once it has been completely filled out as stated on the form.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1) Petitioner is granted thirty (30) days from the date of service of this order to file an amended petition on the form provided by the Court. Petitioner must inform the Court what claims have been presented to the California Supreme Court as well as the dates when the California Supreme Court ruled on those claims.[2] Petitioner must provide

---

[1] Petitioners are not precluded from submitting attachments or exhibits to the petition, however, the Court will not determine a petitioner's claims for him based solely on his attachments.

[2] In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As mentioned, the limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court. However, it is not tolled for the time a *federal* petition is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 69 USLW 4473 (2001).

6

information regarding the dates on which his claims were presented to and rejected by the California Supreme Court.  Petitioner must completely fill out the form petition and file it with all of the pages included in his filing.  Finally, Petitioner must name in the caption the proper respondent, i.e., the warden of the facility where he is presently confined.  Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 11-110.

Petitioner is advised that the amended petition should be clearly entitled "Amended Petition for Writ of Habeas Corpus."  Petitioner is advised that the petition must set forth his claim(s), including all the facts and arguments in support of said claim(s).  With respect to any claims raised in an amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court.  It is Petitioner's responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues Petitioner raised.  The Court will not consider the original petition.  Petitioner's failure to file an amended petition in a timely fashion will result in a recommendation that the petition be dismissed for Petitioner's failure to prosecute his claim and failure to obey the Court's orders.

IT IS SO ORDERED.

Dated: __**May 13, 2008**__                               __**/s/ Theresa A. Goldner**__
                                                                    UNITED STATES MAGISTRATE JUDGE