IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LELAND DRAPER, | No | 1:08-CV-00320-VRW |
| Petitioner, | | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v | | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al, | | |
| Respondents. | | |

Leland Draper, an incarcerated state prisoner at proceeding in propria persona seeks a writ of habeas corpus under 28 USC §2254 challenging his conviction and sentence for robbery on the grounds that the trial court infringed his Sixth Amendment right to counsel. Draper has exhausted his state remedies, so that federal jurisdiction over his claims is proper.

\\

In an order filed on July 28, 2008, the court found Draper's claim that the trial court violated his due process rights, when liberally construed, colorable under §2254, and ordered respondent to show why a writ of habeas corpus should not be granted. Respondent answered and Draper filed a traverse.

I

Draper is currently serving a twenty-one-year prison term at the California State Prison in Solano County following a conviction for robbery. Doc #14 at 5-6. On February 8, 2006, Draper pled guilty to one count of second-degree robbery with enhancements for personal use of a firearm and a prior serious felony conviction. Draper was sentenced on April 25, 2006. People v Draper, No F050311 slip op at 3-4 (CA, 5th App Dist, March 16, 2007) (record lodged November 15, 2008, Doc #15).

Because Draper was initially charged with two counts of robbery and one count of possession of a firearm by a felon on April 4, 2003, a little under three years elapsed from the date Draper was charged to the day he was brought to trial. Id at 2-4. The delay is partially explained in a summary of the pretrial proceedings contained (at 2-3) in the opinion of the California court of appeal:

> Arraignment on the complaint was continued several times, in part because defendant had requested time to hire private counsel, in part because defendant had been shot and was hospitalized, and in part because a new felony case was charged against him. The preliminary hearing in this case was not calendared until the tenth time the case was called for arraignment. By that time, the criminal complaint had been amended to charge one count of

robbery, one count of assault with a firearm, one
count of possession of a firearm by a felon, a prior
serious felony conviction (Pen Code, §667, subd
(a)(1)), a prior serious violent felony conviction
(§667, subds (b)-(i)), and three prior prison terms
(§667.5, subd (b)).

The preliminary hearing, originally calendared for
May 21, 2003, was continued three times and, on the
fourth date, July 17, 2003, the preliminary hearing
was waived. By that time, private counsel Eric Green
was representing defendant. The matter was scheduled
for arraignment on the information on August 5, 2003.

On August 1, 2003, a consolidated information was
filed, which included those charges on which
defendant had been bound over in the present case []
and in addition, charges stemming from another case
[]——to wit, two more counts of robbery, and another
count of possession of a firearm by a felon.

At the arraignment on August 5, 2003, the
consolidated matter was calendared for a pretrial
hearing on September 18, 2003, and trial was set for
September 29, 2003. Thereafter, the matter was
continued——for jury trial, "dispo," or pretrial
conference——43 times. On February 6, 2006, the
parties declared ready for trial to commence the
following day. By that time, a first amended
consolidated information had been filed; a second
amended consolidated information was filed, and
defendant was arraigned on it, that day. It added
another felony count of possession of a firearm by a
felon, and a misdemeanor count of resisting,
obstructing, or delaying a peace officer.

The bulk of the delay occurred after the pretrial hearing on September 18, 2003, after which the matter was repeatedly continued for a total of more than two years with little or no explanation appearing in the trial court's record.

On February 8, 2006, Draper requested a continuance in order to hire new counsel, having disagreed with his counsel about pretrial motions in open court the day before. Id at 3. The trial court denied the request. On the third day of trial, after the jury was sworn and at least one witness called, Draper entered a guilty plea to one count of robbery. Id.

3

Sentencing was set for March 10, 2006 but was continued to April 25, 2006 after the probation department failed to provide the probation report to defense counsel on time. Doc #19.

At the April 25th sentencing hearing, defense counsel advised the court that Draper sought to withdraw his guilty plea and that Draper was in the process of hiring a lawyer "out of Cincinnati, Ohio." Reporter's Transcript (RT) vol III (Doc ##15 & 19) at 603. Defense counsel declined to participate in a motion to withdraw Draper's plea because he had negotiated the plea. Defense counsel requested a two-week continuance for the lawyer to arrive and take over the case. Id at 605.

The trial court denied Draper's request, finding no good cause for any further continuance of sentencing. RT vol III at 605-08. In reaching its finding, the trial court noted that it had accepted Draper's plea in the middle of trial and had previously continued the sentencing hearing and that there was no substitute attorney present ready to take over the case. Id. The trial court then sentenced Draper to twenty-one years in prison based on his guilty plea. Id at 629-34.

Draper unsuccessfully challenged his conviction in the state appellate and high courts. Draper first appealed his conviction to the Fifth Appellate District Court of Appeal. On appeal, Draper alleged that the trial court violated his Sixth Amendment rights and his rights under the California Constitution by denying Draper's request for a continuance to secure new counsel. <u>Draper</u>, No F050311 slip op at 4-5. In a six-page unpublished opinion, the appellate court found Draper's argument "that there would have been no disruption for a short continuance

4

of the sentencing hearing" unconvincing and ruled that the trial court had not abused its discretion in denying Draper a continuance to obtain new counsel at the sentencing phase. Id at 5. The appellate court stated that a trial court, in its discretion, may deny a motion for a continuance to secure new counsel if discharge of counsel will result in "significant prejudice" to the defendant, or if it is not timely and will result in "disruption of the orderly process of justice." Id, citing People v Ortiz, 51 Cal 3d 975, 983 (1990). The appellate court's opinion stated that Draper's case "for reasons probably attributable to both of the parties and an overburdened system of justice, had already come near to making a mockery of an orderly process of justice. We find no abuse of discretion." Slip op at 5-6.

On June 20, 2007, the California Supreme Court summarily denied review of petitioner's federal and state claims. People v Draper, No S152192 (CA, Supreme Court, June 20, 2007)(Doc #15). This federal petition for a writ of habeas corpus followed.

II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 USC §2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the [p]etitioner is not challenging his underlying state court conviction." White v Lambert, 370 F3d 1002, 1009-10 (9th Cir 2004). Under AEDPA, this court may entertain a petition for habeas relief on behalf of a

\\

\\

5

1 California state inmate "only on the ground that he is in custody
2 in violation of the Constitution or laws or treaties of the United
3 States." 28 USC §2254(a).

4 The writ may not be granted unless the state court's
5 adjudication of any claim on the merits: "(1) resulted in a
6 decision that was contrary to, or involved an unreasonable
7 application of, clearly established Federal law, as determined by
8 the Supreme Court of the United States; or (2) resulted in a
9 decision that was based on an unreasonable determination of the
10 facts in light of the evidence presented in the State court
11 proceeding." 28 USC §2254(d). Under this deferential standard,
12 federal habeas relief will not be granted "simply because [this]
13 court concludes in its independent judgment that the relevant
14 state-court decision applied clearly established federal law
15 erroneously or incorrectly. Rather, that application must also be
16 unreasonable." Williams v Taylor, 529 US 362, 411 (2000).

17 While circuit law may provide persuasive authority in
18 determining whether the state court made an unreasonable
19 application of Supreme Court precedent, the only definitive source
20 of clearly established federal law under 28 USC §2254(d) rests in
21 the holdings (as opposed to the dicta) of the Supreme Court as of
22 the time of the state court decision. Id at 412; Clark v Murphy,
23 331 F3d 1062, 1069 (9th Cir 2003).

24 A federal habeas court reviews the last reasoned state
25 court opinion. Ylst v Nunnemaker, 501 US 797, 803 (1991). In this
26 instance, a review of the decision of the state appellate court
27 reveals no basis for federal habeas relief.
28 \\

III

Draper seeks federal habeas corpus relief from his conviction on the ground that the trial court violated his right to counsel of his choice when denying Draper's request for a continuance to obtain new counsel.

The trial court's denial of Draper's motion can be subject to analysis either as a denial of a motion for continuance or a denial of a motion to substitute counsel. See United States v Nguyen, 262 F3d 998, 1001 (9th Cir 2001). In Nguyen, while making no formal motion for the continuance, the defendant requested additional time to hire a new lawyer to substitute for the appointed public defender. Id at 1002. On appeal, the Ninth Circuit found that the trial court's comments showed that the court was considering the defendant's request as one for continuance and "to replace" his attorney and subsequently reviewed the trial court's denial of that request under the standards for denial of a motion for continuance and motion to substitute counsel. In the instant case, the appellate court treated the trial court's decision as a denial of a motion to substitute counsel. Draper, No F050311 slip op at 5. The appellate court's determination was not an unreasonable determination of the facts in light of the evidence presented. See 28 USC §2254(d). Consistent with the appellate court's approach, this court will analyze Draper's claim as a denial of a motion to substitute counsel.

The Sixth Amendment "guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." Caplin & Drysdale,

Chartered v United States, 491 US 617, 624-625 (1989). A defendant who establishes that his Sixth Amendment right to counsel of choice was violated does not need to demonstrate that he suffered prejudice in order to be entitled to relief. United States v Gonzalez-Lopez, 548 US 140, 146 (2006).

A defendant's Sixth Amendment right to counsel of choice is not absolute and is "circumscribed in several important respects." Wheat v United States, 486 US 153, 159 (1988). The trial court maintains discretion in "balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar" and an "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Gonzalez-Lopez, 548 US at 152; citing Wheat, 486 US at 160. But the trial's court discretion is not limitless; a trial court may not deny a continuance to secure substitute counsel based on an "unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." Morris v Slappy, 461 US 1, 11-12 (1983).

In a case in which substitute counsel was prepared to begin representation at the time of trial, the Ninth Circuit has held a trial court's denial of the right to counsel of choice due to delays largely produced by the court itself to be objectively unreasonable. See Bradly v Henry, 510 F3d 1093, 1096-1097 (9th Cir 2007). The Ninth Circuit has, on the other hand, upheld a trial court's denial of a similar motion when substitute counsel had not been retained and it was unclear how much time the new counsel would need to prepare for trial. Miller v Blackletter, 525 F3d

8

890, 896 (9th Cir 2008). The instant case is more like Miller.

Draper made the request for continuance to secure new counsel to withdraw his plea on April 25, 2006, over two months after the guilty plea had been entered. At the time Draper made his request, substitute counsel was not present nor definitely secured. See Doc #19. The trial court noted the case had been continued a number of times and that it had stopped trial proceedings to accept Draper's guilty plea. Id. The trial court further noted that the sentencing had already been continued once for a period of more than one month during which Draper could have arranged for new counsel to appear with him on the new date and that there was no attorney present "ready to take over the case." Id. On that basis, the trial court denied Draper's request. Id.

The appellate court found that the trial court below it did not abuse its discretion in denying Draper's request for a continuance to secure new counsel on the basis that the granting of the continuance would have been a "disruption of the orderly process of justice." Although the appellate court did not cite United States Supreme Court precedent, implicit in the appellate court's decision is the determination that the trial court's insistence on proceeding with the sentencing hearing was not so unreasonable and arbitrary in the face of a justifiable delay as to amount to a constitutional violation. This determination is consistent with the standards set out in Morris and Wheat. 461 US at 11-12; 486 US at 160.

When the delay is not justifiable, the trial court has the discretion to balance the right of counsel against the needs of fairness and against the demands of its calendar. See Gonzalez-

Lopez, 548 US at 152. The trial court denied Draper a continuance in part because Draper had not secured new counsel and had been unable to secure new counsel in the intervening six weeks; based on these factors the trial court was entitled to deem the delay inexcusable. Doc #19.

Because the appellate court's finding that the trial court had not abused its discretion was not an objectively unreasonable application of clearly established federal law within the meaning of AEDPA, Draper has no basis for federal habeas relief.

IV

For the reasons set forth above, the petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge